## Bough et al. *v.* Innman.

[No. 11,155. Filed February 2, 1922.]

1. BILLS AND NOTES.—*Promissory Note.*—*Execution by Wife in Trust for Husband.*—*Defenses as against Indorsee.*—That a note and mortgage was executed by a married woman to a third person in trust for her husband and not otherwise, the fulfillment of the trust being the only consideration therefor, and that there was a failure of consideration, is not a defense, in an action on the note, as against an indorsee who is a holder in due course. p. 553.

2. APPEAL.—*Burden of Showing Reversible Error.*—The burden is on appellant to show reversible error. p. 553.

3. APPEAL.—*Questions Presented.*—*Overruling Demurrer.*—*Absence of Pleadings and Evidence from Record.*—When the com-

plaint and the evidence is not in the record, the court on appeal cannot say that the trial court erred in overruling a demurrer to a reply, especially when the answer to which the reply is addressed does not necessarily contain facts sufficient to bar a recovery under all circumstances. p. 553.

From Martin Circuit Court; *James W. Ogdon*, Judge.

Action by Medford Innman against Sarah M. Bough and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Frank E. Gilkison*, for appellants.
*Fabius Gwin*, for appellee.

McMAHAN, J.—Complaint by appellee on a note for $140 given by appellant Sarah M. Bough, and to foreclose a mortgage upon certain real estate.

Appellants have not set out the complaint in their brief. The only reference to this complaint made in the statement of the record is that: "The complaint is in the usual form to foreclose a duly recorded mortgage upon real estate in this state."

Appellants filed separate answers in four paragraphs. The first was a general denial. In the second it is admitted that Mrs. Bough executed the note and mortgage, but it is alleged that at the time of their execution she was the wife of William Bough; that the note and mortgage were executed to one Albert Akles in trust for her husband and not otherwise; that the assignment by Akles to her husband was without consideration other than the fulfillment of said trust, and that she received no consideration for the execution of said note and mortgage. The third paragraph alleges want of consideration, and the fourth alleges failure of consideration.

Appellee replied in two paragraphs, the first being a general denial. The second in substance alleges that at the time the note and mortgage were executed appellant Sarah and William Bough were husband and wife

and the owners by entireties of the land mortgaged; that they were separated and not living together and had in contemplation a divorce proceeding and for the purpose of adjusting and settling all their property rights and avoiding litigation, to that extent they had agreed that the lands covered by the mortgage should be conveyed by them to Albert Akles; that he should reconvey the land to Mrs. Bough who would execute to Akles the note and mortgage sued on, her husband joining in said mortgage, and that Akles would assign the note and mortgage to William Bough in full settlement of all his interest in said real estate. The note and mortgage were executed pursuant to that agreement and recorded and the assignment from Akles to William Bough was duly recorded. Later William Bough assigned said note and mortgage to appellee. The mortgaged land was of the value of $600. The conveyance, the execution of said note and mortgage assignment to William Bough, were made in good faith to secure the interest of said William Bough in the land and not otherwise.

Appellants' separate demurrers for want of facts to this second paragraph of reply were overruled. There was a trial which resulted in a judgment against Mrs. Bough for the amount of the note and for a decree foreclosing the mortgage, from which appellants appeal and contend that the court erred in overruling their demurrers to the second paragraph of the reply. Appellants' sole and only contention is that the transaction set out in the reply is in effect a conveyance from a married woman to her husband, that such a conveyance is prohibited both by statute and by public policy and is therefore void.

Appellants have wholly failed to give any information as to the averments of the complaint. No copy of the note or mortgage is set out. We are not informed

as to whether the note was or was not negotiable. Neither are we informed as to what the allegations of the complaint are as to appellee being a *bona fide* holder in due course before maturity.

This is not an action by any of the original parties to the note. It is an action by an indorsee, and if he is a holder in due course, the facts set out in the second, third, and fourth paragraphs of appellants' answers would not bar a recovery. The burden is on appellants to show reversible error. When the complaint upon which the action was tried and the evidence introduced at the trial are not before us, we can not say that the court erred in overruling a demurrer to a reply. This is especially true when the answer to which the reply is addressed does not necessarily contain facts sufficient to bar a recovery under all circumstances.

No reversible error being shown, the judgment is affirmed.